BENJAMIN B. WAGNER
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration
JEAN TURK [C.S.B.N.131517]
Special Assistant United States Attorney

333 Market Street, Suite 1500
San Francisco, California 94105
Telephone: (415) 977-8935
Facsimile: (415) 744-0134
E-Mail: Jean.Turk@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| VICTOR REYES,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security,<br><br>      Defendant. | CIVIL NO. 1:09-0734 DLB<br><br>STIPULATION AND ORDER FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) |

IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel of record, that this action be remanded to the Commissioner of Social Security for further administrative action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), sentence four. Upon remand to the Commissioner of Social Security, the Appeals Council will remand this case to the Administrative Law Judge (ALJ) for either a finding of disability on the record, or a de novo hearing and the issuance of a new decision.

Additionally, on remand, if the ALJ does not issue an on-the-record decision finding Plaintiff disabled, the Administrative Law Judge ("ALJ") is instructed to take the following action:

1. The ALJ will address any third-party statements in the record, and if such statements are rejected, the ALJ will provide specific reasons, germane to the witness, for the rejection.

2. The ALJ will re-evaluate Plaintiff's residual functional capacity (RFC). Any RFC finding should reflect levels of functioning as defined in the Dictionary of Occupational Titles rather than some otherwise descriptive term adopted by the ALJ.

3. As part of the ALJ's re-evaluation of Plaintiff's RFC, the ALJ will re-evaluate the medical source opinions from Drs. Serrano and La Torre, and the ALJ will re-evaluate the credibility of Plaintiff's allegations.

4. The ALJ should obtain vocational expert (VE) testimony. Any hypothetical question to the VE should include all of Plaintiff's limitations supported by the record. The ALJ should further inquire whether the VE's response was consistent with the Dictionary of Occupational Titles and include an explanation for any inconsistencies that may be identified.

5. The ALJ will consider Plaintiff's subsequent award of benefits as of April 29, 2009, and any impact on the current decision in accordance with HALLEX I-5-3-17.

Respectfully submitted,

Dated: January 27, 2007

Law Offices of Jeffrey Milam
/s/ Sengthiene Bosavanh*
(As authorized via *e-mail)
SENGTHIENE BOSAVANH
Attorney for Plaintiff

Dated: January 27, 2007

BENJAMIN B. WAGNER
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX

/s/ Jean M. Turk
JEAN M. TURK
Special Assistant U.S. Attorney

IT IS SO ORDERED.

Dated:   **January 27, 2010**          **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE